IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARTIN MARTINEZ, § | | |
| TDCJ-CID # 670746, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-04-0108 |
| § | | |
| DOUGLAS DRETKE, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Martin Martinez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983 against the following TDCJ-CID officials in their individual capacities: TDCJ-CID Director Douglas Dretke, TDCJ-CID Stevenson Unit Warden Brad Casal, and TDCJ-CID Gang Intelligence Officers Emil Garza, and Agapito Villareal. Martinez complains that he has been subjected to cruel and unusual punishment as a result of being held in administrative lock-down at his unit. He has filed motions for appointed counsel, production of documents, supplemented allegations, and a formal investigation by the FBI. The court will deny the motions and dismiss this action as frivolous.

**I. Allegations**

Martinez is assigned to the Stevenson Unit. On May 4, 2004, Warden Casal ordered a lock-down for all active and suspected gang members at the Stevenson Unit. Martinez was included in the group held in lock-down. Officer Garza informed Martinez that he was placed in lock-down because he was a suspected member of a gang called Barrio Azteca and that there had been reports

that members of another gang called Patria Revolucion Mexicana (PRM) had received orders to attack Barrio Azteca members.

Martinez complains that he has been subjected to cruel and unusual punishment because of the lock-down status. He states that he has had to eat cold meals and go without showers for as long as seventy-two hours. Martinez disputes the validity of his placement in the lock-down order and denies being a gang member. He asserts that there is no evidence that he is a gang member other than the fact that he comes from El Paso, Texas, which is where Barrio Azteca is based. Martinez denies that he has engaged in any disruptive behavior or any activity that would warrant classification as a gang member. He also asserts that the lock-down places him in danger of attack because his placement implies that he is a gang member. Martinez contends that a regional gang intelligence officer has recommended the discontinuance of the lock-down and a release for Martinez. Despite the recommendation, Casal has continued the lock-down.

Martinez seeks an order from this court for an FBI investigation and an injunction for his release into general population.

## II. Analysis

In order to establish a claim under section 1983, a prisoner must assert facts which demonstrate that he was deprived of a constitutional right or federal statutory right. *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995), *citing Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1989). Martinez has not set forth facts which indicate that the defendants have violated his rights by placing him in administrative lock-down because prison authorities have broad discretion in classifying their prisoners. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Martinez does not have a constitutional right not to be classified as a security threat, and the court will not interfere with the decision to assign him to confined custody as a result of the classification. *Meachum v.*

2

*Fano*, 96 S.Ct. 2532, 2538 (1976); *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) ("an inmate has no protectable liberty interest in his classification"); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In general, prisoner civil rights complaints are only actionable where the facts show that prison officials have harmed or endangered the complaining prisoner and the officials were aware that their actions were dangerous to the prisoner's health or safety. *See Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994); *Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976). The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *See Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998). Martinez's vague fears that he might be identified and subject to assault as a gang member do not implicate a constitutional violation. *See Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996).

Martinez's complaints that his meals are cold and that he is unable to shower everyday are not actionable. *See Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (Prison officials do not violate the Eighth Amendment with regard to nutrition if the inmates receive 'reasonably adequate' food), *citing George v. King*, 837 F.2d 705, 707 (5th Cir. 1988); *Walker v. Mintzes*, 771 F.2d 910, 928 n.5 (6th Cir. 1985) (Two or three showers weekly for inmates who do not work is sufficient). Prisons are not supposed to be comfortable. *Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981). The fact that inmates in administrative lockdown are under greater restrictions and have less amenities than those in general population does not implicate a constitutional violation. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Such conditions are a part of normal prison life and must be endured by those who need to be held apart from the others. *Id*.

Martinez's motion for an FBI investigation (Docket Entry No. 3) will be denied because he has no standing to seek such an investigation. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990).

This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e) because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III. Motion to Proceed In Forma Pauperis

Martinez has moved to proceed as a pauper. The motion (Docket Entry No. 2) is **GRANTED**. However, Martinez is **ORDERED** to pay the entire filing fee as soon as funds become available. 28 U.S.C. § 1915(b). The TDCJ-ID Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Martinez's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

### IV. Other Motions

Martinez has filed a motion (Docket Entry No. 5) seeking production of documents. He has also filed a motion (Docket Entry No. 6) to supplement the allegations made in his original complaint. The defendants in this action are government employees and are entitled to protection from unnecessary costs, including discovery, associated with civil lawsuits that have no basis. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The motions will be denied because the claims are frivolous. *See Emory v. Texas Board of Medical Examiners*, 748 F.2d 1023, 1027 (5th Cir. 1984).

Martinez has moved for court appointed counsel. In general, there is no right to such counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The motion (Docket Entry No. 4) is **DENIED** due to the elementary nature of the issues and Martinez's apparent ability to prosecute his case. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998).

## V. Conclusion and Order

The court **ORDERS** the following:

1. This prisoner civil rights action, filed by Martin Martinez, TDCJ # 670746, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

3. The TDCJ-CID Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Order.

3. Martinez's other pending motions (Docket Entry Nos. 3, 4, 5, and 6) are **DENIED**.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 26th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE